THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARRYL KILGORE, | CASE NO. C22-1196-JCC |
| Petitioner, | ORDER |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

This matter comes before the Court on Petitioner Darryl Kilgore's motion under 28 U.S.C. section 2255 to vacate, set aside, or correct his sentence (Dkt. No. 5). Having considered Petitioner's allegations and the relevant record, and finding that they foreclose the relief Petitioner seeks, the Court DECLINES to order service of the petition, and DISMISSES the petition for the reasons explained herein.

I.   BACKGROUND

Petitioner was arrested in July 2017 in Las Vegas, Nevada based on allegations that he conspired to commit bank fraud and laundered the resulting proceeds. *See USA v. Shelburne*, Case No. CR17-0203-JCC (W.D. Wash. 2017). A grand jury sitting in this District later returned an indictment against Petitioner on charges of Conspiracy to Commit Bank Fraud, Bank Fraud (eight counts), Aggravated Identity Theft (three counts), Conspiracy to Launder Money, and Money Laundering (five counts). *Id.*, Dkt. No. 48. According to the indictment, Petitioner led a

ring of individuals in a scheme to steal credit cards, debit cards, personal checks, and other access devices, and use those items to withdraw funds from financial institutions, investing a portion into real estate. *Id.*

Following Petitioner's transfer to this District, the Honorable Brian A. Tsuchida, United States Magistrate Judge, held an arraignment and a detention hearing. *Id.*, Dkt. Nos. 38, 77. Judge Tsuchida ordered Petitioner detained pending trial and set a November 6, 2017 trial date. *Id.*, Dkt. Nos. 40, 77. However, Petitioner's trial was repeatedly continued. The reasons vary. They include Defendant's termination and/or the withdrawal of four sets of court-appointed counsel, *see id.,* Dkt. Nos. 155, 166, 226, 232, 235, 253, 258, 302, 337, Petitioner and his co-defendant's repeated requests for continuances, *see id.,* Dkt. Nos. 90, 126, 178, 187, 214, 227, 238, 274, and the suspension of criminal in-person trials in March 2020 as a result of the COVID-19 pandemic, *see id.*, Dkt. Nos. 292, 327. Notably, though, Petitioner's newly appointed counsel sought a continuance *after* the Court lifted the suspension. *See id.*, Dkt. No. 354.

In May of 2020, while trial was pending, appointed defense counsel, Terrence Kellogg, filed a motion to dismiss the indictment based on alleged government misconduct. *See id.*, Dkt. No. 281. According to the motion, the indictment should have been dismissed following federal agents' abuse of the forfeiture process by involving themselves in the sale of Petitioner's real estate, thereby reducing Petitioner's ability to pay restitution. *See id.*, Dkt. No. 281. Following extensive briefing, *see id.*, Dkt. Nos. 285, 294, 296, 297, 298, 300, the Court denied the motion, *id.*, Dkt. No. 314.

Petitioner eventually elected to accept a plea agreement and enter a guilty plea to a superseding information, waiving further indictment, which he did on June 3, 2021. *See id.*, Dkt. Nos. 362, 366, 367, 371. Petitioner was sentenced that August to time served and three years of supervised release. *Id.,* Dkt. No. 384. The plea agreement barred collateral attack, except for challenges to counsel's effectiveness. *Id.*, Dkt. No. 369 at 16. Accordingly, Petitioner now seeks to challenge his sentence under 28 U.S.C section 2255, arguing ineffective assistance by Mr.

Kellogg, who served for a time as defense counsel. (Dkt. No. 5.)

## II.     DISCUSSION

### A.     Legal Standard

To state a cognizable section 2255 claim, a petitioner must assert that he or she is in custody in violation of the Constitution or laws of the United States, that the district court lacked jurisdiction, that the sentence exceeded the maximum allowed by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). For these purposes, custody includes supervised release. *Matus-Leva v. U.S.*, 287 F.3d 758, 761 (9th Cir. 2002).

"A 'collateral attack on a criminal conviction must overcome the threshold hurdle that the challenged judgment carries with it a presumption of regularity, and that the burden of proof is on the party seeking relief.'" *Gates v. U.S.*, 2021 WL 5868118, slip op. at 1 (W.D. Wash. 2021) (quoting *Williams v. U.S.*, 481 F.2d 339, 346 (2d Cir. 1973)). In reviewing such a petition, a court may rely upon the original proceeding's record and evidence filed by the parties. *Shah v. U.S.,* 878 F.2d 1156, 1160 (9th Cir. 1989). It may also employ its own recollection, experience, and common sense. *Id.*

If the written record does not foreclose the petitioner's claims, the court must order an evidentiary hearing and make findings of fact and conclusions of law based on that hearing. 28 U.S.C. § 2255(b). However, a section 2255 motion "can be dismissed without a hearing if . . . the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. To avoid dismissal, "the movant must present some credible, non-conclusory evidence" in support of his claims. *See Sanders v. U.S.*, 341 F.3d 720, 722 (8th Cir. 2003); *U.S. v. Jackson*, 209 F.3d 1103, 1106 (9th Cir. 2000) (no relief is warranted when the prisoner's claims are contrary to the record or incredible when weighed against it). Moreover, section 2255 claims not waived by plea agreement may be dismissed without a hearing where "allegations, viewed against the record, either fail to state a claim for relief or are 'so palpably incredible or patently frivolous as to

warrant summary dismissal.'" *Marrow v. U.S.*, 772 F.2d 525, 526 (9th Cir. 1985).

**B.     Ineffective Assistance of Counsel**

To allege ineffective assistance of counsel, a petitioner must show both that counsel's performance was objectively unreasonable, and that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 686 (1984). An attorney's performance is "objectively unreasonable" when "in light of all the circumstances, [his] acts or omissions [are] outside the wide range of professionally competent assistance." *Id.* at 690. A petitioner has suffered prejudice where he can establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. "Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id. at* 690.

Here, Petitioner alleges three grounds of ineffective assistance of counsel: (1) Mr. Kellogg failed to submit critical evidence in support of the defense motion to dismiss for government misconduct, (2) Mr. Kellogg failed to inform Petitioner that he could exercise his right to a speedy trial through remote bench trial during the COVID-19 suspension of in-person trials, and (3) Mr. Kellogg failed to move the Court to reconsider its denial of defense's motion to dismiss for government misconduct. (*See* Dkt. No. 5 at 4–7.) The Court finds each ground patently frivolous.

        1.     <u>Ground One</u>

Petitioner first alleges that Mr. Kellogg failed to identify and/or submit a key piece of evidence in support of the motion to dismiss. (Dkt. No. 5 at 4.) But this omission could not have been prejudicial as, by Petitioner's own admission, the Government submitted that very piece of evidence as an exhibit to its Second Supplemental Response to the motion at issue. *See Shelburne*, Case No. CR17-0203-JCC, Dkt. Nos. 298, 298-1. Therefore, the Court duly considered this evidence. Accordingly, Petitioner cannot satisfy the second *Strickland* prong, but for the defense counsel's error, the outcome would have differed. And as a result, this ground is

ORDER
C22-1196-JCC
PAGE - 4

patently frivolous. Petitioner's request for habeas corpus relief on this ground is DENIED.

2. Ground Two

Petitioner next alleges that his statutory and/or Sixth Amendment right to a speedy trial was violated when Mr. Kellogg knew an unrelated individual had been offered a remote bench trial during the COVID-19 suspension of in-person trials but did not inform Petitioner of that fact. (Dkt. No. 5 at 5.)[1]

a. *The Speedy Trial Act*

The Speedy Trial Act generally requires that a defendant be brought to trial within 70 days of his or her initial appearance or indictment. 18 U.S.C. §§ 3161(c)(1), (h). However, the Act contains various tolling periods, which include the pendency of certain motions and "any period of delay" when a court finds that the "ends of justice" served by a continuance "outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. §§ 3161(h)(1), (7). This Court previously made findings supporting an "ends of justice" continuance of Petitioner's mid-pandemic trial date. (*See* Dkt. No. 292 at 2.) Furthermore, the Ninth Circuit recently held that the Speedy Trial Act's ends of justice exception was appropriately applied to continuances due to suspension of in-person trials in the wake of the COVID-19 pandemic. *U.S. v. Olsen*, 21 F.4th 1036, 1049 (9th Cir. 2022), *cert. denied*, 142 S. Ct. 2716 (2022). The Ninth Circuit stated that the exception applied even if a jury trial was not an absolute impossibility. *Id*.

In light of the extraordinary circumstances presented by the COVID-19 pandemic, this District's suspension of criminal in-person trials, this Court's Speedy Trial findings, the Ninth

---

[1] Following the March 2020 suspension of in-person proceedings due to the COVID-19 pandemic, the Court granted a joint motion to continue until July 2020. *Shelburne*, Case No. CR17-0203-JCC, Dkt. Nos. 274, 275. When the Court granted another continuance two months later, following a Government motion, Petitioner objected in June 2020 and replacement counsel later filed a motion to dismiss for speedy trial violations, which the Court denied. *Id.*, Dkt. Nos. 291, 292, 299, 346, 360. Notably, Mr. Kellogg no longer represented Petitioner by November 2020. *See id.*, Dkt. Nos. 338, 339. Therefore, the impact of Mr. Kellogg's alleged ineffective counsel on speedy grounds, if any, did not exceed four months (from June – November 2020).

ORDER
C22-1196-JCC
PAGE - 5

Circuit's holding in regard to the ends of justice exception, and the timeline of continuances in this case, Petitioner's allegations supporting an ineffective assistance of counsel claim based on violations of the Speedy Trial Act are patently frivolous and warrant summary dismissal.

          b.   *The Sixth Amendment*

In determining whether a defendant's Sixth Amendment right to a speedy trial has been violated, courts generally consider four factors: (1) the length of the delay; (2) the reason for the delay; (3) whether, when, and how a defendant asserted his right to a speedy trial; and (4) whether a defendant was prejudiced by the delay. *Doggett v. U.S.*, 505 U.S. 647, 651 (1992) (*citing Barker v. Wingo*, 407 U.S. 514 (1972)).

This Court previously considered these factors when it denied Petitioner's motion to dismiss based on a speedy trial violation. *See Shelburne*, Case No. CR17-0203-JCC, Dkt. No. 360. In its order denying the motion, the Court evaluated the period between Petitioner's detention in August 2017 and Petitioner's trial date, then set for February 2021. *Id.* at 4. The Court found, accounting for the COVID-19 pandemic and the overall context of the case, the first three factors cut against Petitioner and the final factor was neutral. *See id.* at 4–5. Considering Petitioner now requests the Court examine an even *smaller* window of time, through the lens of ineffective assistance of counsel—approximately four months—the argument has even less merit. Therefore, Petitioner does not provide a reason to revisit the Court's previous finding on this issue and the allegations on this ground are similarly patently frivolous.

          3.   <u>Ground Three</u>

Petitioner alleges Mr. Kellogg failed to move the Court to reconsider its denial of a motion to dismiss for government misconduct. (Dkt. No. 5 at 7.) The original motion was based on a theory that federal agents had abused the federal forfeiture process which limited Petitioner's ability to apply funds towards restitution at sentencing. *See Shelburne*, Case No. CR17-0203-JCC, Dkt. No. 281. In denying the motion, the Court ruled that Petitioner's argument was foreclosed under the U.S. Sentencing Guidelines. *Id.*, Dkt. No. 314 at 7. Petitioner now

contends that Mr. Kellogg, by not arguing on reconsideration that such a foreclosure was an Equal Protection violation, prejudiced Petitioner. (Dkt. No. 5 at 7.)

Deciding not to pursue reconsideration of a motion which the Court has denied is within the range of reasonable professional judgement. *See Gustave v. U.S.*, 627 F.2d 901, 904 (9th Cir. 1980). Furthermore, Petitioner makes no showing under the second prong of *Strickland* that, but for counsel's failure to move the Court to reconsider, the outcome would have been different. Regardless, the Court also asserted in its denial of the motion that Petitioner "[had] not carried his heavy burden to establish that the Government's actions so shock the conscience as to warrant dismissal of the indictment based on outrageous government conduct." *Shelburne*, Dkt. No. 314 at 6–7. Therefore, Petitioner's request for habeas corpus relief on this ground is similarly patently frivolous.

### III.   CONCLUSION

For the foregoing reasons, Petitioner's motion to correct, vacate, or set aside his sentence (Dkt. No. 5) is DENIED. The Court DECLINES to order service and DISMISSES the petition with prejudice.

DATED this 17th day of October 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE